Dear Clerk Dahmer and Commissioner Terrell:
We are in receipt of a request for an Attorney General's opinion by both of you on the same issue, and therefore have combined them to research and reply in this opinion. The issue regards the use of the new iVotronic Voting Machines, which have the capability of canceling a voter's selections on the machine when the voter leaves the machine and fails to press the final button to vote, and whether the voter's selections should be canceled or voted by the pressing of the final button by the commissioner or commissioner-in-charge.
Commissioner Terrell points out in her letter that there are now three different voting machines in use in the State of Louisiana and that all of them have the capability of canceling a "fled" voter's ballot, but that each operates differently as it relates to that function. With regard to the AVC-Advantage voting machines, an electronic voting machine that has a voter "fled" function, she notes that many Clerks of Court have been instructing commissioners and commissioners-in-charge to cast the vote of the "fled" voter on this type machine, by reaching under the curtain and pushing the cast vote button. And that it is believed that the vote can be cast without seeing the voter's selections.
With regard to the AVM (lever-type) voting machine, the Commissioner's letter states that a "fled" voter's ballot can be canceled by removing the voter's selections and that some Clerks of Court have instructed commissioners and commissioners-in-charge to cast the vote. She further notes that both actions allow the commissioner or commissioner-in-charge to see the selections made by the voter. With regard to the iVotronic touch-screen voting machines, the Commissioner states that a "fled" voter's ballot can be canceled by inserting the PEB (personalized election ballot) and choosing the cancel option. And that the vote can be cast by depressing the red cast vote button. Again, she notes that both actions allow the selections made by the voter to be seen.
Clerk Dahmer points out in his letter that some believe this policy espoused by the Commissioner of Elections to cancel the voter's selections when the voter leaves without pressing the final button to vote may be incorrect and that the commissioner at the polling place should cast the ballot for the voter. Thus, you both seek our opinion on this issue.
The Louisiana Election Code, R.S. 18:562 provides for the prerequisites to voting, such as proper identification of the person, verifying information from the precinct register with the person, and finally allowing the person to vote, stating:
 D. Procedure after identification. If satisfied that the applicant has identified himself as the voter named on the precinct register and that he is qualified to vote, a commissioner shall initial the precinct register opposite the voter's signature or mark. The voter then shall be allowed to vote.
The law does not either grant or deny either the final casting of the ballot by a commissioner or commissioner-in-charge or the canceling of the voter's selections when the voter fails to finalize his vote. Nor have we found any rule written by the Commissioner of Elections pursuant to her authority to prescribe uniform rules as to the use of electronic voting machines under R.S. 18:18. We do note that the State Board of Election Supervisors discussed this issue at its annual meeting last month and voted to recommend to the legislature some changes in the law to allow the commissioners and commissioners-in-charge to finalize any voter's selection(s) when the voter fails to finalize his vote. That having been said, it is our opinion that the remedy herein rests with the legislature and we will have to wait for their action with regard to this issue, but that the Clerks of Court should continue to train the commissioners and commissioners-in-charge as they have always done in the past and not change their training unless and until the legislature instructs otherwise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
DATE RELEASED: January 30, 2003